**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDRA BONILLA-JIMENEZ, | No. 14-71841 |
| Petitioner, | Agency No. A029-931-657 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Sandra Bonilla-Jimenez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's order denying her motion to reopen deportation proceedings

conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen.  *Avagyan v. Holder,* 646 F.3d 672, 674 (9th Cir. 2011).  We deny the petition for review.

The agency did not abuse its discretion in denying Bonilla-Jimenez's motion to reopen, on the ground that her contention that she was confused about the time of her hearing because she was upset over the death of her boyfriend's father did not demonstrate reasonable cause for her failure to appear for her hearing.  *See Urbina-Osejo v. INS,* 124 F.3d 1314, 1316 (9th Cir. 1997) (alien must show "reasonable cause" for absence to reopen a deportation hearing held in absentia).

Bonilla-Jimenez's contention that the agency failed to properly consider her contentions is not supported by the record.  *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the agency] consider[s] the issues raised, and announce[s] its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citations and quotation marks omitted)).

In light of this disposition, we do not reach Bonilla-Jimenez's contentions regarding eligibility for relief.  *See Simeonov v. Ashcroft,* 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**

14-71841